IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM TUDUJ, M05570, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DR. SIDDIQUI, | ) Case No. 20-cv-924-DWD |
| QUANTUM VISION CENTERS, | ) |
| DONALD R. UNWIN, | ) |
| TODD BROOKS, | ) |
| KIMBERLY BUTLER, | ) |
| FRANK LAWRENCE, | ) |
| JOHN BALDWIN, | ) |
| T. BRADLEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Motions to Dismiss for Failure to State a Claim filed by Defendants Wexford Health Sources, Inc. and Quantum Vision Centers. (Docs. 34, 31). Plaintiff responded to the motions (Doc. 50), and the movants replied (Docs. 53, 54). Plaintiff has also filed a Motion to Reconsider the Court's denial of his first amended complaint (Doc. 51), a Motion for Leave to File a Second Amended Complaint (Doc. 52), and a Motion for Leave to Supplement his response to the motions to dismiss (Doc. 56). The Defendants opposed Plaintiff's Motion for Leave to File the Second Amended Complaint (Doc. 55), and Plaintiff replied (Doc. 57). For reasons explained herein, the

motions to dismiss will be granted, and Plaintiff's other motions are denied. A discovery schedule will issue separately.

## BACKGROUND

Plaintiff Tom Tuduj commenced this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Menard Correctional Center Menard). (Doc. 1). Specifically, Plaintiff contended that Defendants violated his rights in a number of ways based upon their failure to treat his medical needs, specifically, Varicella-Zoster virus (VZV). Upon initial review, the Court designated six claims to proceed against multiple defendants:

| | | |
|---|---|---|
| Claim 1: | | Eighth Amendment deliberate indifference claim against Defendants Siddiqui and Unwin for alleged failure to treat Plaintiff's VZV; |
| Claim 3: | | Eighth Amendment claim against Brooks, Butler, Baldwin and Lawrence for rubber-stamping grievances related to Plaintiff's medical issues; |
| Claim 4: | | Eighth Amendment conditions of confinement claim against Bradley for the lack of climate control in Plaintiff's cell; |
| Claim 5: | | Respondeat superior claim against Wexford and Quantum for employing Siddiqui and Unwin; |
| Claim 6: | | First Amendment retaliation claim against Siddiqui for denying a double mattress permit; and |
| Claim 7: | | First Amendment retaliation claim against Unwin for failing to treat Plaintiff's VZV. |

(Doc. 14 at 7-8). Other claims and parties were dismissed for failure to state a claim. The Court considered and rejected an amended complaint, because it concluded that the

contents of the amended complaint were an attempt to reconsider or re-hash the initial review of the complaint, and the findings on initial review were not incorrect. (Doc. 49). The present motion to dismiss relates only to Claim 5, the claim against Wexford and Quantum premised on respondeat superior.

To analyze the motions to dismiss, the Court will briefly summarize the factual and legal allegations relevant to the movants. In his complaint, Plaintiff alleged that an ophthalmologist, Dr. Unwin, provided deficient care for his eye problems, which he believes was partially retaliatory for Plaintiff's criminal background. (Doc. 1 at 10-12). He argued that this claim should extend to Unwin's employer, Quantum Vision Centers, on a theory of respondeat superior. He acknowledged that respondeat superior liability does not currently extend so far, but he argued that the Seventh Circuit had expressed an interest in changing the law in this area. He also added that he could not make out a *Monell* claim against Quantum. (*Id.* at 12).

As to Wexford, Plaintiff alleged that Wexford should be held liable via respondeat superior for Dr. Siddiqui's and Dr. Ek's (a non-party) actions in failing to treat him once a cure was suggested, and for retaliatory actions. (Doc. 1 at 6). He recounts multiple appointments with both doctors at which he alleges he repeatedly sought care for debilitating conditions to no avail.

### MOTIONS TO DISMISS

Quantum argued in the Motion to Dismiss that because Seventh Circuit precedent is clearly established that respondeat superior liability does not apply to a private

corporation providing a medical service in prison, then Plaintiff's claim must necessarily fail. (Doc. 35). Wexford argued that Plaintiff made no substantive argument in support of respondeat superior claim against Wexford, and the facts presented by his case are not similar to the instances when the Seventh Circuit has discussed the possibility of respondeat superior liability against a private corporation. (Doc. 41). Specifically, Wexford argued that the Seventh Circuit has contemplated the need to allow respondeat superior liability to limit a corporation's ability to structure its affairs in such a way that no one person is responsible for care provided, but Plaintiff is not in that situation. Plaintiff has a discreet claim against Dr. Siddiqui that he can pursue without the need to also utilize respondeat superior to reach Siddiqui's employer. Wexford also argues that Plaintiff has not alleged, nor could he, that Siddiqui's alleged acts of a lack of care or retaliation were acts in furtherance of his employment, as would be required to establish respondeat superior liability by Wexford for a tort of its employee in the course of employment.

Plaintiff filed a joint response to both Motions, which contains 60 pages of argument, and more than a hundred pages of exhibits. (Doc. 50). Much of Plaintiff's argument contains lengthy cites to existing precedent. He argues that current Supreme Court precedent supports a finding of respondeat superior liability against a private contractor, with heavy reliance on the Seventh Circuit's discussion in *Shields*, as well as heavy reliance on reasoning by Seventh Circuit Judge Hamilton in multiple recent opinions. (Doc. 50 at 5-22). Plaintiff argues that his case and his own experiences, as well as class action litigation against IDOC concerning healthcare (*Lippert v. Jeffreys*) are proof

that respondeat superior precedent should be changed. (Doc. 50 at 22). He goes on to allege that 20 or 30 doctors failed to properly treat him from 2006 to 2014, and in total, he has suffered for 17 years without effective treatment for his VZV. (Doc. 50 at 22). As to the *Lippert* litigation, he summarized findings and discussed ongoing issues with changes to IDOC medical care that were mandated, and he argued that he has personally experienced the issues identified by *Lippert* that have still not been remedied. (Doc. 50 at 26-30).

Plaintiff then engaged in a lengthy discussion of *stare decisis*: with subsections on the unworkability of precedent; the antiquity of precedent; the reliance interests at stake; and, whether other decisions are well reasoned. Within that discussion, he alleges that Wexford is too insulated from liability, and they have been allowed to structure their affairs as a labyrinth to keep individuals like himself from being able to establish liability for their medical care. In a discussion of interests at stake, Plaintiff engaged in a lengthy tangent about innocent inmates, the Federal Drug Administration (FDA) and large drug companies. In closing, Plaintiff contended that he provided ample reason to overturn precedent that weighs against a finding of respondeat superior liability against Wexford, and he argued he should be allowed to submit an amended pleading to cure any deficiencies.

In his entire response, Plaintiff made just one passing reference to Quantum. Specifically, he alleged that the healthcare monitor report from *Lippert* demonstrated the immunity that Wexford has enjoyed for 40 years, "of course includes Quantum Vision Centers as well." (Doc. 50 at 38).

Both Defendants replied. The thrust of both replies is that under existing precedent, Plaintiff's theory of respondeat superior liability is not viable. Both parties cite *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir. 1987). (Docs. 53, 54).

### LEGAL STANDARD

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The

purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson,* 910 F.2d at 1520. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin,* 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted). When reviewing a Rule 12(b)(6) motion to dismiss, the court is generally limited to the allegations within the four corners of the complaint, along with any exhibits attached to the complaint and any documents attached to the motion that are referenced in and central to plaintiff's claims. *See, e.g., Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012). If the Court reviews documents beyond the scope of these strict exceptions, the motion is converted into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). "[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012).

## ANALYSIS

Upon initial review, the Court read Plaintiff's pro se complaint broadly, and allowed his respondeat superior theory past initial review with the caveat that dismissal was not appropriate at the screening stage without further argument from the parties. (Doc. 14 at 15). This decision was rendered in part because Plaintiff's complaint was lengthy and at times difficult to comprehend. By singling out the respondeat superior claim and essentially inviting further briefing, the Court has now been presented with the opportunity to consider the respondeat superior claim in greater detail and with the benefit of input from the parties. Having thoroughly considered the parties arguments

and controlling precedent, the Court is convinced that the respondeat superior theory cannot proceed for multiple reasons.

First and foremost, as the Defendants emphasize both in their motions to dismiss and in their reply briefs, this Court is bound by the decisions of the Seventh Circuit. *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987) (stare decisis relies on the existence of authoritative precedent, and the simplest reason that a decision is authoritative is the hierarchical structure of federal courts, with district court's bound by appellate courts). The Seventh Circuit has on several occasions, declined to extend respondeat superior liability to prison contractors. *See e.g. Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 754 (7th Cir. 2021). Whatever possibility there may be that the Seventh Circuit or the Supreme Court will revisit this issue, Plaintiff's own case is bound by those that came before it, and even if it was not so bound, the case does not present a compelling reason to depart from existing precedent.

As Wexford noted, the discreet claims presented in this lawsuit against Drs. Unwin and Siddiqui are unlike other scenarios where the Seventh Circuit has cast doubt on the appropriateness of refusing to extend respondeat superior to private medical contractors. Notably, in *Shields*, the Court stated, "the facts in this case are also an excellent example of the problems generated by barring *respondeat superior* liability for corporations under § 1983. On the facts before us, it appears that Wexford structured its affairs so that no one person was responsible for Shields' care, making it impossible for him to pin responsibility on an individual." *Shields*, 746 F.3d at 795. Plaintiff's allegations limited to this lawsuit are completely dissimilar from the situation contemplated by

*Shields*. Although he makes passing reference to 17 years' worth of faulty care, earlier litigation he personally pursued, and the *Lippert* litigation, none of these broad allegations make a *respondeat superior* claim appropriate in this case. In the present case, Plaintiff has clearly defined claims against Drs. Unwin and Siddiqui, so it cannot be said that he will be unable to pursue liability based on the overall corporate structure of Quantum or Wexford.

With the benefit of time to consider Plaintiff's respondeat superior claim in isolation, rather than as a small part of his overall complaint, the Court is now convinced that Plaintiff has failed to state a viable claim, so Claim 5 against Wexford and Quantum will be dismissed. The Court considered Plaintiff's Motion to Supplement his response to the motions to dismiss (Doc. 56), but the contents of that motion do not change the outcome of the above analysis, so the motion will be denied.

## OTHER MOTIONS

Plaintiff has also moved for reconsideration of the Court's 1915A review of his amended complaint (Doc. 51) and he has moved for leave to file a second amended complaint (Doc. 52).

The Motion to Reconsider does not provide an adequate reason for reconsideration. The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chi.,*

433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" *Bilek v. Am. Home Mortg. Servicing*, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)).

In Plaintiff's Motion to Reconsider he simply rehashes arguments and issues already considered in the Court's review of his amended complaint (Doc. 49) and in the Court's earlier order of initial review (Doc. 14) He alleges that the Court improperly conflated Dr. Trost and Defendant Boswell (a pharmacy contractor for Menard) when it observed that the Court in *Tuduj v. Johnson*, Case no. 17-cv-219-NJR (S.D. Ill.), held that the medical defendants were not deliberately indifferent for failing to refill Plaintiff's prescription. The Court's reference to that finding was meant to indicate that if individual providers were found not liable on the underlying conduct, then Boswell likewise would not be liable absent any underlying constitutional violation. This was not a mistake.

Plaintiff also alleges the Court erred because "a prison pharmacist could not intentionally interfere with or fail to carry out treatment prescribed for a prisoner." (Doc.

51 at 7). He cites to *Estelle v. Gamble*, 429 U.S. 97 (1976) for this quote, but there is no language in *Estelle* about prison pharmacists. Thus, Plaintiff has not identified an error by citation to *Estelle*.

Additionally, Plaintiff repeatedly insists that because Dr. Fuentes (a non-party) prescribed him DSMO (a medication he sought for his VZV), no one, including Boswell could prevent him from getting that medication. As was alleged in the original complaint, Plaintiff claims he was prescribed DSMO in September of 2014, and Boswell refused to fill it. Given that the issues with Boswell began in 2014 or 2015, the Court stands by its comments that these claims are also likely barred by the statute of limitations. For all of these reasons, Plaintiff's Motion to Reconsider will be denied.

As to Plaintiff's Motion for Leave to file a Second Amended Complaint (Doc. 52). The Court reviewed the proposed amended pleading, but it will decline leave for it to be filed. Plaintiff again attempts to add claims against Boswell and the Menard pharmacist, but these claims have repeatedly been rejected, and there is no adequate reason in the amended pleading to allow the claims. To the extent that Plaintiff attempts to add a sentence as to Drs. Unwin and Siddiqui, that they acted in furtherance of their duties under the Wexford contact to provide medical care, this allegation is insufficient to change the claims against them or to state a sufficient claim against Wexford and Quantum who have been dismissed as discussed above. In the enumerated claims, Plaintiff seeks to add Defendants Brannon and Jeffreys to the Eighth Amendment conditions of confinement claim but there is no factual basis offered for this addition and an Eighth Amendment claim requires personal involvement, so this addition is not

sufficient. Finally, Plaintiff seeks to add a state law claim for vicarious liability against Boswell, Wexford, and Quantum, but the Court has determined that there are no other valid claims against these parties, so it will not exercise supplemental jurisdiction over this state law claim. Having considered all of the proposed amendments, the Court finds that Plaintiff has not proposed any viable claims, so the Motion to Amend (Doc. 52) will be denied.

## DISPOSITION

For the reasons stated above, the Motions to Dismiss (Docs. 34, 41) filed by Defendants Wexford and Quantum are **GRANTED.** Claim 5 against Wexford and Quantum is **DISMISSED** as insufficient, this is the only claim against these parties, so the Clerk of Court is **DIRECTED** to **TERMINATE** Wexford and Quantum.

Plaintiff's Motion to Reconsider (Doc. 51) is **DENIED**, his Motion to Amend (Doc. 52) is **DENIED**, and his Motion to Supplement (Doc. 56) is **DENIED** as MOOT. The Court thoroughly reviewed these pleadings as explained above, but they did not present a sufficient basis for relief. This case will now proceed to discovery on the limited issue of exhaustion of administrative remedies. A schedule for that process will be issued separately.

**IT IS SO ORDERED.**

Dated: February 24, 2023

DAVID W. DUGAN
United States District Judge